KLEINFELD, Circuit Judge
concurring:
I concur.
I write separately because, although we are compelled to exercise jurisdiction by circuit precedent, I think that line of authority is mistaken. Were we not bound by circuit authority, I would dismiss for lack of jurisdiction.
Our court has concluded that § 106 of the REAL ID Act restores appellate jurisdiction in diverse circumstances.[1] I agree with Judge O’Scannlain’s remark in Lin v. Holder that “we have stuck our noses further into disputes in which Congress has forbidden us a role.”[2] All ten of our sister circuits to consider the issue have rejected the more expansive approach to jurisdiction adopted by our court.[3] Accordingly, *596 although the memorandum disposition we issue today is correct under circuit precedent, I think a better reading of the law would be that taken by our sister circuits.

.See, e.g., Taslimi v. Holder, 590 F.3d 981, 984-86 (9th Cir.2010) ("reasonable period” requirement for the "changed circumstances” exception to the asylum application deadline); Barrios v. Holder, 581 F.3d 849, 857 (9th cir.2009) (threshold requirements for special rule cancellation in the Nicaraguan Adjustment and Central American Relief Act); Khan v. Holder, 584 F.3d 773, 779-80 (9th Cir.2009) (application of the definition of "terrorist organization” for the terrorist bar to asylum); Husyev v. Mukasey, 528 F.3d 1172, 1178-79 (9th Cir.2008) ("extraordinary circumstances” exception to the asylum application deadline); Khunaverdiants v. Mukasey, 548 F.3d 760, 764-66 (9th Cir.2008) (timeliness determinations for asylum applications); Ghahremani v. Gonzales, 498 F.3d 993, 998-99 (9th Cir.2007) (the "due diligence” requirement to reopen an immigration case); Ramadan v. Gonzales, 479 F.3d 646 (9th Cir.2007) (per curiam), reh’g en banc denied sub nom. Ramadan v. Keisler, 504 F.3d 973 (9th Cir.2007) ("changed circumstances” exception to the asylum application deadline).

. 610 F.3d 1093, 1099 (9th Cir.2010) (O'Scannlain, J., concurring).

. Lumataw v. Holder, 582 F.3d 78, 86 (1st Cir.2009); Chen v. U.S. Dep't of Justice, 434 F.3d 144, 154 (2d Cir.2006); Sukwanputra v. *596 Gonzales, 434 F.3d 627, 635 (3d Cir.2006); Gomis v. Holder, 571 F.3d 353, 359 (4th Cir.2009); Zhu v. Gonzales, 493 F.3d 588, 596 n. 31 (5th Cir.2007); Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir.2006); Viracacha v. Mukasey, 518 F.3d 511, 515-16 (7th Cir.2008); Ignatova v. Gonzales, 430 F.3d 1209, 1214 (8th Cir.2005); Ferry v. Gonzales, 457 F.3d 1117, 1130 (10th Cir.2006); Chacon v. U.S. Att’y Gen., 427 F.3d 954, 956-57 (11th Cir.2005) (per curiam).